# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANGELA DENISE WREN,

                Plaintiff,

v.

DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, WILLIAM
GATHIRIMA, and TONY PAIGE,

                Defendants.

Case No. 19-CV-1869-JPS

**ORDER**

On December 20, 2019, Plaintiff filed a *pro se* complaint alleging that Defendants violated her rights. (Docket #1). This matter comes before the court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). Notwithstanding the payment of any filing fee, the Court must dismiss a complaint if it raises claims that are "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for a plaintiff to plead specific facts, and her statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon her by a person or

persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give a *pro se* litigant's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff's allegations are, to put it generously, difficult to follow. As best the Court can tell, Plaintiff operates her own childcare business. She generally complains that Defendants are trying to shut down that business. In doing so, they have allegedly falsified records, made false statements, defamed her, and attempted to intimidate her. Plaintiff also mentions some perceived unfairness in a hearing she had with Defendants; perhaps this was part of an administrative action initiated by Defendants to revoke her business license? Plaintiff further alleges that Defendant Tony Paige tried to break into her business at some point, and has made unwanted sexual advances against her. Plaintiff does not clearly state what kind of relief she wants.

Plaintiff's allegations do not invoke this Court's jurisdiction. Federal courts are courts of limited jurisdiction, and may only hear cases in two primary categories: 1) those raising issues of federal law, known as "federal question" jurisdiction, and 2) those between parties who are citizens of different states and which involve an amount in controversy exceeding $75,000.00, known as "diversity" jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332(a).

Plaintiff's complaint does not assert either. All of the parties are residents of Wisconsin, so there is no diversity jurisdiction. It is unclear precisely what claims Plaintiff wants to advance or what relief she wants if

her claims are ultimately proven. Even so, the Court concludes that nothing in her complaint invokes any cognizable federal claims. Whatever issues Plaintiff has with Defendants, they appear to be matters of state law which must be raised in state court. The Court must, therefore, deny Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss this action without prejudice for want of jurisdiction.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of January, 2020.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge